UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

BRYAN ROSS and ROBERT BURSTON,

                Defendants.
_____/

Case No. 07-20513
Honorable David M. Lawson

### JUDGMENT OF CONTEMPT AND SENTENCE

The matter comes before the Court on the motion by the government for a finding that Djanada Montgomery is guilty of civil contempt. Ms. Montgomery was subpoenaed by the government as a witness in the above-captioned case. Ms. Montgomery appeared in Court on February 9, 2009, and gave testimony. The government had not completed its examination of Ms. Montgomery, so the Court ordered her to return to the Court the following morning, February 10, 2009, at 8:00 a.m, to give testimony. When she did not appear, the government filed a motion asking the Court to enter an order demanding Ms. Montgomery to appear before the Court and show cause why she should not be held in contempt. The Court issued a warrant for the arrest of Ms. Montgomery, which was executed by the United States Marshal's Service for the Eastern District of Michigan on February 11, 2009. On that date, Ms. Montgomery was brought before the Court to show cause why she should not be held in contempt. At the show cause hearing, Ms. Montgomery admitted that she did not appear before the Court as ordered, stating that she stayed at home to care for her sick children, but she acknowledged her children were cared for now and she failed to appear in Court the following day hoping to avoid testifying. On February 11, 2009, the witness completed her testimony in the above-captioned case and was discharged from her

subpoena.

Title 18, Section 401 of the United States Code provides that the Court shall have the power to punish by fine or imprisonment any "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). After hearing testimony from Ms. Montgomery at the show cause hearing, the Court finds by clear and convincing evidence that Ms. Montgomery is guilty of civil contempt for willfully refusing to obey the Court's order that she appear to testify on February 10, 2009.

An order of civil contempt may be used to "compensate for injuries caused by non-compliance." *TWM Mfg. Co., Inc. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). The Court finds that Ms. Montgomery's disobedience to this Court's order caused the United States Marshal's Service to incur the expense of serving and executing an arrest warrant on Ms. Montgomery on February 11, 2009 and transporting her to Court. Therefore, the Court will direct Ms. Montgomery to compensate the Marshal's Service for this expense.

Accordingly, it is **ORDERED AND ADJUDGED** that respondent Djanada Montgomery is in contempt of the United States District Court.

It is further **ORDERED AND ADJUDGED** in accordance with 18 U.S.C. § 401 that respondent Montgomery shall reimburse the United States Marshal's Service for the Eastern District of Michigan for its expenses relating to executing a search warrant, in the amount of $180.

                                             s/David M. Lawson
                                             DAVID M. LAWSON
                                             United States District Judge

Dated: February 11, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2009.

s/Felicia M. Moses
FELICIA M. MOSES